```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
IRMA WARREN,
                                    :
            Plaintiff,                      14 Civ. 5976 (AJP)
                                    :
      -against-
                                    :       OPINION & ORDER
JAMES C. BENDER & ASSOCIATES, & ACTION
COLLECTION CO.,                     :

                                    :
            Defendants.
                                    :
-----------------------------------x
```

**ANDREW J. PECK, United States Magistrate Judge:**

The parties settled this Fair Debt Collection Practices Act case at a conference with the Court on October 6, 2014. (See 10/6/14 minute entry; 10/6/14 Transcript.) Pursuant to the settlement, defendants agreed to pay $2,000 in statutory damages to plaintiff Warren, and agreed that plaintiff was entitled to attorneys' fees "capped at $3,000." (10/6/14 Tr. at 4-5.) The settlement agreement further provided:

> If the billing is less then that or if the Court is required to and does determine the amount of reasonable fees, it will be a reasonable fee no greater then $3,000 and possibly less.

(10/6/14 Conf. Tr. at 5.) The Court further stated that if the parties could not agree and had to litigate the amount of attorneys' fees, it would be done on a "simplistic system" where plaintiff simply would "submit your billing records, submit a brief [of] no more than three pages." (10/6/14 Conf. Tr. at 7.

The parties apparently were unable to agree on the fees, and plaintiff submitted a motion (Dkt. No. 22), an eight page brief (Dkt. No. 23), and three affidavits totaling

sixteen pages (Dkt. Nos. 24-26).  Plaintiff sought attorneys' fees for three attorneys from two firms, totaling $8,879.95.  (Dkt. No. 23: Warren Br. at 5.)  Plaintiff's counsel stated that their fees through October 6, 2014 exceeded $3,000, and that in addition plaintiff incurred attorneys' fees of approximately $2,300 since that date.  (Dkt. No. 24: Nahoum Aff. ¶¶ 28, 38, 41-42; Dkt. No. 25: Pankin Aff. ¶¶ 10-13, 15-16; Dkt. No 26: Reich Aff. ¶¶ 7-9, 11-12.)

Counsel for the parties' dispute whether defendant had agreed to pay $3,000 in attorneys' fees or whether defendants' attempt to negotiate a reduction required plaintiff to file its fee motion.  (Comare Nahoum Aff. ¶¶ 28-34 with Shulman Aff. ¶¶ 3-5.)

The Court generally may allow "fees upon fees," i.e., additional attorneys' fees for the making of a fee motion.  See, e.g., Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999); Mawere v. Citco Ford Servs., (USA) Inc., 09 Civ. 1342, 2011 WL 6780909 at *2 (S.D.N.Y. Dec. 27, 2011).  Here, however, such fees upon fees are not justified for several reasons: First, fees are being awarded pursuant to the terms of the parties' settlement agreement, which capped fees at $3,000.  Second, the Court instructed plaintiff to simply file their time sheets and a 3 page brief, but they filed 24 pages of brief and affidavits.  Finally, plaintiff's fee application simply is too greedy – even if plaintiff could get fees on fees, plaintiff agreed not to seek fees over $3,000 for work through the settlement agreement, but plaintiff's motion papers sought twice that amount for that time period.  Such "chutzpah" should not be rewarded.  See, e.g., Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 78 (S.D.N.Y. 1991) ("In light of the deficiencies in the form and content of petitioner's application already noted, the piling of fees upon fees is not warranted in this case."); see also, e.g., A.V.E.L.A., Inc. v. Estate of Monroe, 12 Civ. 4828, 2014 WL 3610902 at *3-4 (S.D.N.Y. July 18, 2014) ("although time spent on a fee application is generally compensable," Court denies such fees where "defendant's submissions have wasted the Court's time" and contained  mathematical errors);

<u>Mawere</u> v. <u>Citco Ford Servs., (USA) Inc.</u>, 2011 WL 6780909 at *2 (noting discretionary nature of fees on fees).

## CONCLUSION

Accordingly, the Court awards plaintiff attorneys' fees of $3,000. The Clerk of Court shall enter judgment for plaintiff for $2,000 plus $3,000 in attorneys' fees, and close this case.

Dated:  New York, New York
December 3, 2014

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies ECF to:    All Counsel